*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1387**

Richard Allen Gumphrey, petitioner,
Appellant,

vs.

Commissioner of Public Safety,
Respondent.

**Filed July 7, 2014
Affirmed
Chutich, Judge**

Hennepin County District Court
File No.: 27-CV-13-5289

Eric J. Nelson, Halberg Criminal Defense, Bloomington, Minnesota (for appellant)

Lori A. Swanson, Attorney General, Stephanie Hilstrom, Assistant Attorney General, Uzodima Franklin Aba-Onu, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Johnson, Presiding Judge; Chutich, Judge; and Huspeni, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**CHUTICH**, Judge

Appellant Richard Allen Gumphrey challenges the district court's order sustaining the revocation of his driver's license. Because the totality of circumstances establishes that he voluntarily consented to a breath test, we affirm.

**FACTS**

On March 21, 2013, at approximately 1:17 a.m., Officer David Hackley of the Maple Grove Police Department observed a vehicle that crossed over fog lines on two occasions while exiting a freeway. As the vehicle turned right off the exit ramp, it again drifted over the fog line, crossed into a right-hand turn lane, then veered back into the lane of traffic.

Officer Hackley stopped the vehicle and identified the driver as appellant Richard Allen Gumphrey. In conversing with Gumphrey, Officer Hackley detected "a strong odor of an alcoholic beverage coming from the vehicle." Officer Hackley then conducted field sobriety tests and performed a preliminary breath test. Officer Hackley arrested Gumphrey on suspicion of driving while impaired and transported him to the Maple Grove Police Department.

At 1:56 a.m., Officer Hackley read Gumphrey the implied-consent advisory, which included the statement, "[y]ou have the right to consult with an attorney. If you wish to do so, a telephone and directory will be available to you." When asked if he understood the advisory, Gumphrey responded that he did. When asked if he wished to consult with an attorney, Gumphrey stated that he did not. Gumphrey agreed to take a

breath test and Officer Timothy Erickson administered the test. The breath test resulted in a reported value of .11 registered at 2:11 a.m.

Because Gumphrey's alcohol concentration was over the legal limit, the Commissioner of Public Safety (commissioner) revoked Gumphrey's driver's license. Gumphrey petitioned for judicial review of the revocation of his driver's license. On May 14, 2013, the district court held a hearing and subsequently issued an order sustaining the revocation of Gumphrey's driver's license. It found that Gumphrey was read the implied-consent advisory, understood it, and then agreed to take the breath test.

The district court concluded that "[t]here is no evidence of exigent circumstances, but there is evidence of consent given knowingly, freely, and voluntarily." This appeal followed.

## DECISION

Gumphrey argues that the district court erred in concluding that the totality of the circumstances establishes that he validly consented to the search. We disagree.

"When the facts are not in dispute, the validity of a search is a question of law subject to de novo review." *Haase v. Comm'r of Pub. Safety*, 679 N.W.2d 743, 745 (Minn. App. 2004). In reviewing the constitutionality of a search, "we independently analyze the undisputed facts to determine whether evidence resulting from the search should be suppressed." *Id.* We do not overturn a district court's conclusions of law "absent erroneous construction and application of the law to the facts." *Id.* In an implied-consent case, the commissioner has the burden of proving by a preponderance of the evidence that a search was constitutional. *State v. Diede*, 795 N.W.2d 836, 846

3

(Minn. 2011); *see Johnson v. Comm'r of Pub. Safety*, 392 N.W.2d 359, 362 (Minn. App. 1986).

The United States and Minnesota Constitutions guarantee people the right to be free from unreasonable searches. U.S. Const. amend. IV; Minn. Const. art. 1, § 10. Taking a sample of a person's breath is a search under the Fourth Amendment and requires a warrant or a valid exception to the warrant requirement. *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 616–17, 109 S. Ct. 1402, 1412–13 (1989); *State v. Netland*, 762 N.W.2d 202, 212 (Minn. 2009). Consent is such an exception. *Diede,* 795 N.W.2d at 846.

The supreme court recently held in *State v. Brooks* that a driver may validly consent to testing after being informed that refusal to submit to testing is a crime. *State v. Brooks*, 838 N.W.2d 563, 568 (Minn. 2013), *cert. denied*, 134 S. Ct. 1799 (2014). The *Brooks* court acknowledged that chemical testing under the implied-consent statute is a search subject to Fourth Amendment protections; a warrant is required unless the search falls under an exception to the warrant requirement. *Id.* "For a search to fall under the consent exception, the [s]tate must show by a preponderance of the evidence that the defendant freely and voluntarily consented." *Id.*

In determining whether consent is voluntary, this court considers the totality of the circumstances, "including the nature of the encounter, the kind of person the defendant is, and what was said and how it was said." *Id.* at 568–69 (quotation omitted). In the implied-consent context, the nature of the encounter includes how the police came to suspect that the driver was driving under the influence, how the request to submit to

4

chemical testing was made, including whether the driver was read the implied-consent advisory, and whether the driver had the right to consult with an attorney. *Id.* at 569.

Gumphrey relies on *Bumper v. North Carolina*, 391 U.S. 543, 88 S. Ct. 1788 (1968), to contend that the commissioner failed to establish that he consented to the breath test, but *Bumper* does not compel that result. In *Bumper*, a law enforcement officer claimed authority under a search warrant to search a home and the homeowner allowed him to execute the purported search warrant. *Id.* at 546–47, 88 S. Ct. at 1791. The record contained no evidence that a valid search warrant was issued to the officer, however. *Id.* at 549–50 n.15, 88 S. Ct. at 1792. The Supreme Court held that "[a] search conducted in reliance upon a warrant cannot later be justified on the basis of consent if it turns out that the warrant was invalid." *Id.* at 549, 88 S. Ct. at 1792. It reasoned that without a warrant, the state has the burden to prove that the person consented to the search, and that the "burden cannot be discharged by showing no more than acquiescence to a claim of lawful authority." *Id.* at 548–49, 88 S. Ct. at 1792.

Gumphrey asserts that, similar to *Bumper,* the commissioner failed to establish more than his "acquiescence" to the breath test. As the trier of fact, the district court is in the best position to distinguish between "consent" and mere "acquiescence," however. *See State v. Al-Naseer*, 788 N.W.2d 469, 473 (Minn. 2010) (stating that "the trier of fact is in the best position to determine credibility and weigh the evidence"). In reviewing the district court's findings for error, we cannot conclude that the district court erred in finding that Gumphrey's "consent [was] given knowingly, freely, and voluntarily." *See Haase*, 679 N.W.2d at 745. Officer Hackley read Gumphrey the implied-consent

5

advisory, and Gumphrey said that he understood it. Officer Hackley did not state that he was acting pursuant to a warrant and did not otherwise act coercively in requesting the breath test.

Gumphrey further tries to distinguish *Brooks* by contending that, unlike Brooks, he did not consult with legal counsel and he had no previous experience with investigations of alleged drunk driving. He states that the key factor in the *Brooks'* totality-of-the-circumstances analysis is that Brooks actually consulted with an attorney.

To be sure, the *Brooks* court did note that "[t]he fact that Brooks consulted with counsel before agreeing to take each test reinforces the conclusion that his consent was not illegally coerced." 838 N.W.2d at 571. But the supreme court suggested that "the *ability* to consult with counsel" is important as well in evaluating whether consent was voluntary. *Id.* at 572 (emphasis added). Here, Gumphrey was given an opportunity to consult with an attorney, but chose not to exercise that ability. And no evidence in the record suggests, and Gumphrey does not assert, that officers pressured him to forego the opportunity to consult with an attorney.

In addition, the record does not reflect whether Gumphrey has previous experience with law enforcement for alleged drunk driving. Even assuming that this traffic stop was Gumphrey's first experience, he told the officer that he understood the implied-consent advisory, and no evidence suggests otherwise. Gumphrey did not tell the officer that he did not understand the advisory, nor did he ask the officer to read it again. And he chose not to consult with an attorney. In sum, under *Brooks*, the district court properly

sustained the revocation of Gumphrey's driver's license because the totality of the circumstances establishes that Gumphrey validly consented to the breath test.

**Affirmed.**